UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00292-JPH-MJD |
| ) | |
| BRIAN SMITH Warden, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Stephen Taylor for a writ of habeas corpus challenges a prison disciplinary proceeding identified as ISF 19-03-0163. For the reasons explained in this Entry, Mr. Taylor's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

### B. The Disciplinary Proceeding

On March 13, 2019, Investigation Analyst T. Maslin wrote a two-part conduct report in case ISF 19-03-0163 charging Mr. Taylor with offense A-111/113, conspiracy to engage in trafficking. Dkt. 12-1. The first page of the conduct report states:

> On 03/13/19 at approx. 07:55 AM recorded phone calls were reviewed by OII MASLIN #399 that clearly indicates offender Taylor #133543 was conspiring to engage in trafficking into Putnamville Correctional Facility. During the call placed on 01/11/19 at 13:05 in 16N phone B #1, Callie: "he said you need to get everything together by Wednesday, he said you need to get all your ducks in a row and you have to find your people to handle everything you know". Offender TAYLOR #133543: "you need to come down here I need to talk to you. Callie: "next week when I get paid". TAYLOR: "with or without Ezabell, sorry to put you in this position I can't call him. Tell him to give 'em to you, call him and tell him I said just give 'em to you and I will handle the rest". Callie: "ok"
>
> During the call place on 01/23/19 at 16:28 in 16N phone B #1 at approx. 03:33 into the call TAYLOR: "whatever he give you put it up and we talk about it later on".

Dkt. 12-1 at 1 (errors in original). The second page of the conduct report states:

> On 03/13/19 at approx. 07:55 AM recorded phone calls were reviewed by OII MASLIN #399 that clearly indicates offender Taylor #133543 was conspiring to engage in trafficking into Putnamville Correctional Facility. During the call placed on 01/23/19 at 22:37 in 16N phone A#1 at approx 02:51 into the call offender TAYLOR #133543 states: "I just need you to do this one lil thing and til then I am gonna be on your ass I am depending on it". Callie: "ok it will have to be the next time I get paid". TAYLOR: "what if I pay for it?" Callie: "ok" TAYLOR: "I will scratch some up. I need you to know it is important". Callie: "I know, I know it is importantttt". TAYLOR: "I am trying to put some, the more days you wait the longer it takes for me to do and makes it longer and longer

Dkt. 12-1 at 2 (errors in original).

Officer Maslin also wrote a corroborating two-part report of investigation report in case ISF 19-03-0163. The first page of the report of investigation states:

> CONFIDENTIAL RECORDED CALLS BETWEEN OFFENDER TAYLOR, STEPHEN 133543, ALEXIS FIELDS, AND YASAR BURNETT.

2

> Call: 01/11/19 @13:05 16 N phone B #1-- during the investigation the following were identified that pertain to the phone call: "He" – was identified via the Fusion Center by the phone number given for Fields to call "him" for contraband – as YASAR BURNETT
>
> "em" in the phrase was identified in the investigation as SUBOXEN strips
>
> Call: 01/23/19 @16:28 N phone B #1 – during the investigation the following were identified that pertain to the phone call: "whatever he give you" – whatever was identified in the investigation as a powder contraband substance that was added to the suboxen that was to be given to FIELDS to traffick

Dkt. 12-2 at 1 (errors in original).

The second page of the report of investigation states:

> CONFIDENTIAL RECORDED CALLS BETWEEN OFFENDER TAYLOR, STEPHEN 133543, ALEXIS FIELDS, AND YASAR BURNETT.
> Call: 01/23/19 @22:37 16 N phone A #1-- during the investigation the following were identified that pertain to the phone call: phrase "what if I pay for it" – during the investigation "pay for it" referred to paying for the fule to drive to ISF for the visit.
>
> Phrase "the more days you wait the longer it take for me to do and makes it longer and longer" – during the investigation this phrase is referring to – the longer FIELDS waits to bring the contraband to offender TAYLOR in the visit the longer it will take him to start having the money payments for drugs sent to FIELDS to help her with her money/bills.

Dkt. 12-2 at 2 (errors in original).

On March 14, 2019, the screening officer notified Mr. Taylor of the charge of conspiracy to engage in trafficking and served him with a copy of the conduct report and the notice of disciplinary hearing "screening report." Dkt. 12-3. Mr. Taylor pleaded not guilty. *Id.* Mr. Taylor did not request any witnesses or physical evidence. *Id.*

The disciplinary hearing officer conducted a hearing in case ISF 19-03-0163 on March 25, 2019. Dkt. 12-5. According to the hearing report, Mr. Taylor pleaded not guilty and said:

> There is nothing stating I was trying to traffic into the facility. What am I

3

trafficking, where, and when it does not explain it. What I got going on is my business and may not be in the legal kind, no where does it say it in the report.

*Id.* (errors in original).

The hearing officer found Mr. Taylor guilty of offense A-111/113 based on the staff reports, Mr. Taylor's statement, and the OII Reports. *Id.* Mr. Taylor received the following sanctions: a 30-day loss of phone privileges, a 180-day loss of earned good-time credit, and a demotion in credit class. *Id.*

Mr. Taylor's appeals to the Warden and to the Appeal Review Officer for the Indiana Department of Correction were denied. Dkt. 12-6; dkt. 12-7. This habeas action followed.

**C.    Analysis**

Mr. Taylor alleges that his due process rights were violated in the disciplinary proceeding. His claims are that the phone conversation is obscure and does not reflect trafficking, does not mention anything about money, trafficking, or prison. He alleges that because he would not discuss the nature of the call, he was found guilty based on an assumption. He was "having family drop things off to my woman and that's all anyone needs to know." Dkt. 1 at 3.

Offense A-111, Conspiracy/Attempting/Aiding or Abetting, prohibits "[a]ttempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." Dkt. 12-8 at 2. Offense A-113, Trafficking, prohibits

> "[g]iving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee. An offender engaging in behavior violating this provision or the Indiana Code criminal provisions IC 35-44.1-3-5 or IC 35-44.1-3-6 commits the act of trafficking, regardless of whether the offender is criminally arrested, prosecuted, or convicted."

*Id.*

Mr. Taylor's claims are construed as challenges to the sufficiency of the evidence. The evidentiary standard for disciplinary habeas claims, some evidence, is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

While Mr. Taylor denied that he conspired to traffic contraband into the facility, the hearing officer considered his statement and was not required to believe it. The Court is "not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* The report of investigation provides "some factual basis" for the meaning of the intentionally vague conversations Mr. Taylor had with Ms. Fields. Together, the conduct report and report of investigation provided more than some evidence to support the charge that Mr. Taylor was conspiring to engage in trafficking.

Mr. Taylor was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Taylor's due process rights.

### D. Conclusion

For the above reasons, Mr. Taylor is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/14/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEPHEN TAYLOR
133543
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov